# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7085 | **DATE** | 11/8/2010 |
| **CASE TITLE** | Patricia A. Lloyd vs. Northwestern Memorial Hospital | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, Patricia A. Lloyd's ("Lloyd") application for leave to proceed *in forma pauperis* [4] is granted and her motion for appointment of counsel [5] is denied without prejudice. The Clerk of Court is directed to docket Lloyd's complaint without payment of the $350 filing fee.

Lloyd is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for service on the named defendant. The Marshal is requested to serve the complaint and appropriate papers on the named defendant. The case is set for a report on status at 9:00 a.m. on November 30, 2010. Plaintiff Lloyd and counsel for defendant Northwestern Memorial Hospital are requested to be present.

■[ For further details see text below.]

Notices mailed.

## STATEMENT

On November 3, 2010, plaintiff Patricia A. Lloyd ("Lloyd") filed a complaint against defendant Northwestern Memorial Hospital for employment discrimination under Title VII of the Civil Rights Act of 1964. Along with the complaint, Lloyd filed an application for leave to proceed *in forma pauperis* ("IFP") and a supporting financial affidavit (Dkt. No. 4), as well as a motion for appointment of counsel (Dkt. No. 5).

Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *see Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

According to her affidavit, Lloyd currently is unemployed and has only $600 in a checking or savings account. (Dkt. No. 4 ¶¶ 2, 5.) In addition, although Lloyd's financial affidavit identifies monthly mortgage and car payments, it appears that these payments are made by Lloyd's daughter, Jennifer M. Lloyd. (*See id.* ¶¶ 7, 8.) Based on these allegations, the court finds that Lloyd is unable to pay the $350 civil filing fee in this case. Moreover, at this early stage, the court has no reason to believe that Lloyd's action is frivolous, fails to state a claim, or seeks monetary relief against an immune defendant. Lloyd's application for leave to proceed *in forma pauperis* is therefore granted.

| STATEMENT |
|---|

This court is also authorized to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although this decision is discretionary, the Seventh Circuit has directed the district court to follow a two-step approach, asking "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). "The first step in this analysis . . . is a threshold question the district court must ask before ruling on a § 1915(e)(1) motion." *Id.* at 655. If the plaintiff has not made reasonable efforts to obtain counsel on her own, the court must "deny [the motion] out of hand." *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992)).

In her motion for appointment of counsel, Lloyd identifies only one law firm that she unsuccessfully contacted seeking representation: Franklin Law Offices. (*See* Dkt. No. 5 ¶ 2.) The court does not find that this singular attempt to obtain counsel demonstrates that Lloyd has made reasonable efforts to seek representation. Accordingly, Lloyd's motion for appointment of counsel is denied without prejudice.

*James F. Holderman* [signature]